**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| COMFORT AMO AGYAPONG,<br><br>*Petitioner,*<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>MARKWAYNE MULLIN, Secretary, U.S. Secretary of Homeland Security,<br><br>JOSEPH B. EDLOW, Director, U.S. Citizenship and Immigration Services,<br><br>AMRIS HEATON, Field Office Director, Washington Field Office, USCIS,<br><br>*Respondents.* | Civ. Action No. 1:26-cv-1685 |

**PETITION FOR WRIT OF MANDAMUS**
**AND COMPLAINT FOR INJUNCTICE AND DECLARATORY RELIEF**

1. Petitioner, Ms. Comfort Amo Agyapong, brings this lawsuit seeking agency review under the Administrative Procedure Act ("APA") of the respondents' decision to deny her I-485, Application to Register Permanent Residence or Adjust Status ("I-485 application") on January 9, 2020, and her I-290B, Notice of Appeal or Motion ("I-290B application") on August 7, 2025..

2. Petitioner filed her I-485 application on with respondent U.S. Citizenship and Immigration Services ("USCIS") on January 9, 2020, based on Section 245 of the Immigration and Nationality Act (8 U.S.C. §§ 1255).

3. Petitioner attended an interview on April 23, 2021 for her I-485 application. In the decision issued on September 24, 2024 ("I-485 Decision,") Respondent USCIS concluded that Petitioner was inadmissible under INA 212(a)(2)(A)(i)(I) and that a waiver is available for this inadmissibility ground. The I-485 Decision also notifies Petitioner that she had to file a motion to reopen or reconsider within 33 days if the decision was served by mail.

4. Instead of issuing a Request for Evidence or a Notice of Intent to Deny in accordance with the USCIS Policy Manual, Respondent USCIS denied the application without providing Petitioner the opportunity to submit a waiver, which itself identified as being available.

5. In addition, Petitioner received the I-485 Decision issued by Respondent USCIS on July 9, 2025, some nine months after its initial issuance. Petitioner submitted her I-290B application on August 7, 2025, 29 days after she received the I-485 Decision in the mail.

6. On May 28, 2026, Respondent USCIS denied Petitioner's I-290B application because it was untimely. In its decision ("I-290B Decision,") Respondent USCIS claimed that its records show "the decision was mailed to you and your attorney on September 19, 2025," which is almost a year after it is issued. USCIS also did not show any proof of delivery or tracking numbers. Respondent USCIS determined that there was no proof that the original notice was not delivered, but Petitioner cannot physically show proof that a piece of mail was not delivered to her.

7. This action seeks relief under 5 U.S.C. § 706(2)(A) and asks this Honorable Court to hold unlawful and set aside this agency action, finding, and conclusion that are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

8. This action also seeks an order, under 5 U.S.C. § 706(1), compelling the respondents to reopen Petitioner's I-485 application. Petitioner requests that this order compel this agency action within fourteen (14) days of an Order of this Court.

9. Petitioner is entitled to her attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), *et seq*.

**Jurisdiction and Venue**

10. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), because Petitioner's claims arise under the laws of the United States, including 5 U.S.C. §§ 555 and 701, *et seq*. ("APA") and 8 U.S.C. § 1101, *et seq*. (the Immigration and Nationality Act or "INA") (including 8 U.S.C. §§ 1182 and 1255(c)(2)). This Court may grant relief in this action under 5 U.S.C. § 553, *et seq*., and §§ 706(1) and (2), and 28 U.S.C. §§ 2201, *et seq*. (Declaratory Judgment Act).

11. This Honorable Court is not deprived of jurisdiction by 8 U.S.C. § 1252. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (finding that 8 U.S.C. § 1252 does not bar a claim challenging agency authority that does not implicate discretion). Generally, a narrower construction of a jurisdiction-stripping provision is favored over a broader one, as reflected by the "familiar principle of statutory construction: the presumption favoring judicial review of administrative action." *Kucana v. Holder*, 130 U.S. 827, 839 (2010). Absent "clear and convincing evidence" of Congressional intent to specifically eliminate review of certain administrative actions, the above-cited principles of statutory construction support a narrow reading of the jurisdiction-stripping language of 8 U.S.C. § 1252(a)(2)(B)(ii). Id., at 839. *See also Geneme v. Holder*, 935 F. Supp. 2d 184, 192 (D.D.C. 2013) (discussing *Kucana*'s citation to a presumption favoring judicial review of administrative action when a statute does not specify discretion).

12. 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action is not an action to review a removal (deportation) order, but an action challenging the decision by the respondents to deny petitioner's I-485 application, which decision was arbitrary, capricious, and contrary to law and settled agency practice, this Honorable Court retains original jurisdiction under the APA and 28 U.S.C. § 1331, as well as for declaratory relief under 28 U.S.C. § 2201.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because the respondents are a U.S. agency and officers of the United States or agencies thereof acting in their official capacities. Petitioner resides within the jurisdiction of this Court, and no real property is at issue.

**Parties**

14. Petitioner Comfort Amo Agyapong is a non-citizen who resides in Alexandria, Virginia, and is physically present in the United States.

15. Respondent United States Citizenship and Immigration Services ("USCIS"), a federal sub-agency within the Department of Homeland Security, is charged with the responsibility for the implementation and administration of the relevant provisions of the Immigration and Nationality Act ("INA") (8 U.S.C. § 1101, *et seq*.).

16. Respondent Markwayne Mullin is the Secretary of Homeland Security, the cabinet department of which USCIS is an agency. He is sued in her official capacity.

17. Respondent Joseph B. Edlow is the Director of USCIS, an agency of DHS, responsible for the processing and adjudication of immigration benefits filed with USCIS. He has

ultimate responsibility for the timely and accurate adjudication of immigration benefits filed with USCIS. He is sued in his official capacity.

18. Respondent Amris Heaton is the Field Office Director of the USCIS Washington Field Office and she is charged with the responsibility for the timely and accurate adjudication of Petitioner's I-485 application. She is sued in her official capacity.

**Administrative Procedure Act Framework**

19. Under the Administrative Procedure Act ("APA"), the Court has been authorized to review agency actions when an agency acts in an arbitrary or capricious manner or in an abuse of its discretion. 5 U.S.C. § 706(2).

20. Under the APA, this court may "hold unlawful and set aside agency action, findings, and conclusions found to be – (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; or (D) without observance of procedure required by law. 5 U.S.C. § 706(2)(A) and (D).

21. By failing to properly review and weigh the evidence in support of Petitioner's I-485 application, and by improperly ignoring existing BIA precedent and agency policies, the respondents violated the APA by arbitrarily, capriciously, or otherwise illegally denying Petitioner's I-485 application. *See supra*.

22. Respondents' decision to deny Petitioner's I-485 application was arbitrary, capricious, an abuse of discretion, and not in accordance with law. Respondent USCIS failed to follow its own policy manual and issue a Request for Evidence or Notice of Intent to Deny to Petitioner in order to remedy the supposed inadmissibility issue, despite it identified that a waiver is available itself.

**Factual Allegations**

23. Petitioner incorporates by reference the factual assertions set forth in paragraphs 1-22 as if fully set forth herein.

## Claims for Relief

### COUNT ONE

### APA Violations by DHS/USCIS of 5 U.S.C. § 701, *et seq*.

24. Petitioner incorporates by reference the factual assertions set forth in paragraphs 1-22 as if fully set forth herein.

25. Pursuant to the APA, a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. § 702.

26. Congress expressed a strong presumption of jurisdiction for agency review in the APA. *See Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 670 (1986) ("We begin with the strong presumption that Congress intends judicial review of administrative action.")

27. In the recent decision in *Loper Bright Enterprises, et al., v. Gina Raimondo, et al.*, 144 S. Ct. 2244 (2024), the Supreme Court overruled the long-standing precedent of *Chevron, U.S.A, Inc. v. Natural Resources Defense Council, Inc.*, 467 I.S. 837, 104 S. Ct. 2778, 81 L.Ed.2d 694 (1984) and held that, "[U.S. district] courts need not, and under the Administrative Procedure Act (APA) may not, defer to an agency's interpretation of the law simply because a statute is ambiguous…". *Id.* at 2247.

28. Under current Supreme Court case law, agency decisions are not entitled to deference as they were under the now overruled-*Chevron* doctrine. *Id.*

29. The APA requires this Court to hold unlawful and set aside any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A)

30. Respondent USCIS's decision to ignore, discount, or undervalue competent evidence found in the agency record was illegal, improper, and reviewable under 5 U.S.C. § 702.

31. Respondent USCIS's decision to ignore or discount BIA precedent and existing agency policy in denying Petitioner's I-485 application was illegal, improper, and reviewable under 5 U.S.C. § 702.

32. As a result of respondent USCIS's illegal conduct, Petitioner is "suffering [a] legal wrong because of agency action" and is "adversely affected or aggrieved by [the] agency action," and therefore is entitled to judicial review of his I-485 denial under 5 U.S.C. § 702.

**COUNT TWO**

**Injunctive Relief for Violation of the APA – 5 U.S.C. § 705**

33. Petitioner incorporates by reference the factual assertions set forth in paragraphs 1-22 as if fully set forth herein.

34. Pursuant to 5 U.S.C. § 705, this Court may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve the status or rights of a petitioner or petitioners pending the conclusion of review proceedings.

35. Postponing the effectiveness of the denial of Petitioner's I-485 application will not cause any harm to the respondents.

**<u>Injuries to the Plaintiff</u>**

36. The respondents' clearly erroneous interpretation of law and facts interferes with her right to seek an adjustment of status inside of the U.S. into the status of a lawful permanent resident ("green card holder"). This is in direct contravention to the intent of Congress to offer a pathway to legalization for those with family or employer sponsors, sparing them from the unlawful presence bars.

37. Petitioner's ability to work inside the U.S. and to safely travel out of and return to the U.S. are impacted as long as the respondents' I-485 denial is permitted to remain part of the agency's records.

38. As a result of the respondents' arbitrary, capricious, *ultra vires*, and otherwise unlawful decisions to deny Petitioner's I-485 application, she is unable to adjust her status to that of a lawful permanent resident (or "green card holder"). This prevents her from being able to plan for her personal, employment, family, and living situations, and from accruing lawful permanent residence status toward qualifying for naturalization into a U.S. citizen (thus disenfranchising her from the right to vote in local, state, and federal elections, and to obtain a U.S. passport, among other rights).

## **Prayer for Relief**

WHEREFORE, Petitioner respectfully asks the Court to:

1. Declare that the denial of her I-485 application violates the APA, the INA, and its attendant regulations, is *ultra vires*, erroneous as a matter of law and fact, arbitrary and capricious, an abuse of discretion, and not otherwise in accordance with law, and violates due process;

2. Issue an order directing the respondents to reopen and properly re-adjudicate her I-485 application;

3. Issue an order directing the respondents to complete the re-adjudication of her I-485 application within a reasonable time set by this Court;

4. Grant her such other relief as the Court deems necessary and proper; and

5. Grant her her attorney's fees, expenses and costs of court, pursuant to the EAJA.

Respectfully submitted this 15th day of June 2026.

/s/________________________
Yucheng Wang, VA Bar #93833
Immigration Law Plus
4041 University Dr, Ste 103
Fairfax, VA 22030
Phone: (703)273-8823
Email: j.wang@immigrationlawplus.com

Attorney for Petitioner

**List of Exhibits**

Exh. A. Petitioner's Notice of Decision for her I-485 application, issued by Respondent USCIS

Exh. B. Petitioner's Notice of Decision for her I-290B application, issued by Respondent USCIS

Exh. C. Envelope with Petitioner's I-485 Decision, postmarked July 9, 2025 to Petitioner's Attorney

Exh. D. USCIS Policy Alert PA-2021-11

**Certificate of Service**

I, the undersigned, hereby certify that on this date, I uploaded the foregoing, with all attachments thereto, to this court's CM/ECF system, which will send a Notice of Electronic Filing (NEF) to all case participants. I furthermore will send a copy by certified U.S. mail, return receipt requested, to:

USCIS
5900 Capital Gateway Drive
Camp Springs, MD 20588-0009

Office of the General Counsel
U.S. Department of Homeland Security
245 Murray Lane, SW, Mail Stop 0485
Washington, DC 20528-0485

USCIS
Office of the Chief Counsel
5900 Capital Gateway Drive, Mail Stop 2120
Camp Springs, MD 20588-0009

USCIS Washington Field Office
2675 Prosperity Avenue
Fairfax, VA 20598

U.S. Attorney's Office
Justin W. Williams United States Attorney's Building
2100 Jamieson Ave
Alexandria, VA 22314

U.S. Attorney General
950 Pennsylvania Ave NW
Washington, DC 20530

/s/________________________ _06/15/2026________________
Date

Yucheng Wang, VA #93833
Immigration Law Plus
4041 University Dr., Ste. 103
Fairfax, VA 22030
Phone: (703)273-8823
Email: j.wang@immigrationlawplus.com