U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2675 Prosperity Avenue
Fairfax, VA 20598-2400

U.S. Citizenship and Immigration Services

September 24, 2024

MSC2090575591

BARRY ALAN SCHNEIDERMAN
KINCHELOE AND SCHNEIDERMAN
4010 UNIVERSITY DRIVE SUITE 103
STE 103
FAIRFAX, VA 22030

A096-512-489

RE: COMFORT AMO AGYAPONG
I-485, Application to Register Permanent Residence or Adjust Status

**DECISION**

Dear COMFORT AGYAPONG:

On January 9, 2020, you filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS) under section 245 of the Immigration and Nationality Act (INA), based on being the beneficiary of a family-based immigrant petition.

After a thorough review of your application, your testimony during your interview, on April 23, 2021, and the record of evidence, we must inform you that we are denying your application.

To qualify for adjustment under INA 245, an applicant must:

- Be inspected and admitted or inspected and paroled into the United States;
- Be eligible to receive an immigrant visa;
- Be admissible to the United States for permanent residence; and
- Have an immigrant visa immediately available at the time the application is filed.

You must demonstrate that you are eligible to adjust status to a lawful permanent resident (LPR). See Title 8 Code of Federal Regulations (8 CFR), section 245.1.

**Statement of Facts and Analysis, Including Reason(s) for Denial**

On April 23, 2021, you appeared for an interview to determine your eligibility for adjustment of status. During the interview and review of your application with an Immigration Services Officer, you testified that the information on your Form I-485, along with any amendments made during the adjustment interview, and supporting evidence were true and correct. At the interview, you provided testimony under oath. When you were asked the following questions during the interview on April 23, 2021 and the same or similar questions asked during another interview for the same application type your responses were:

- Q. On your current I-485 application, for question 16, "Have you ever worked in the U.S. without authorization", you checked "yes". Please explain why you checked "yes"? Response: between the time the card expired and the renewal, I was working without authorization that's

why I checked yes. You stated that when the card expired you still worked instead of stopping even though the card expired. You stated that you certainly needed to continue working because you needed the money to feed your children back home.

- Q. When asked how did you get the work authorization that had expired? Response: I got it through marriage, when I filed immigration paperwork.

- Q. How did you know the work authorization had expired? Response: It comes with a date and I do not remember the exact date it expired, 2006 I think.

  Q. If that work authorization had expired, what did you use as work authorization to continue working? Response: Once the authorization expired somebody said, "oh, I can get a new one for you" and I thought it was a genuine one, but when I started working again, I realized it wasn't a genuine one.

  - In a previous interview with a USCIS officer, you stated that you used a fake green card to work in 2007, that you had received from a friend who made it for you. You stated that you paid them $200 or $300 for the fake green card. You stated that the fake green card had your name and your USCIS ID number on it. The officer asked you if you knew the card was fake and your response was "yes", but you used it because you could not get work and you thought it would be okay if you used it only for work. At that interview you surrendered two fake green cards, one that showed you had been a resident since 8/25/2006 that expires 8/24/2017, and another one that showed that you had been a resident since 8/24/2017 and expires 8/25/2027.

- Q. Who did you get the new authorization from that you thought was genuine? Response: The person that helped me, like a go-between, who connected me to whoever did it, I haven't seen them for a long time, and I do not know who did the fake work authorization. You stated that the person that gave you the card called it a "green card."

- Q. You said earlier that you realized the new card given to you by that person was not genuine, or real. What made you realize that? Response: After my marriage we went to a lawyer, and I showed the lawyer that card, that's when the lawyer told me it wasn't a real one. This was in 2016 or 2017, I'm not sure. You stated that the lawyer brought it to immigration.

- Q. Once your earlier work authorization had expired, did you try any other way to get work authorization, before you bought the card that wasn't real? Response: Yes, I applied for another one with immigration and they said that I got the card through marriage, and since I was the one who canceled, who dissolved the marriage, they were not going to renew it for me. You told the officer that you knew someone who could do it, and you thought it would be genuine, that you could just get it from another source. You indicated that there were no difference in the old card and the real one that you had before. You stated that the card was mailed to you in an ordinary brown envelope and you thought it was coming from immigration.

- Q. Where did you use the fake card to work? Response: The Agency, Visiting Angels, in Fredericksburg and Quality Home Care in Woodbridge. You told the officer that you did not know the card or work authorization was fake when you used it to work.

- Q. When you were interviewed in 2018 for your earlier green card application, you were asked if you knew the "green card" was fake when you used it, and you said "yes." Response: "yes" the first time I came to the interview I thought the officer was asking if I knew the card she was holding was fake at the interview, so I said yes, because at that very time I had realized that the card was fake, it wasn't when I was working with it, I would't have used it if I knew it was fake, when i was using the card to work I didn't know it was fake.

- Q. Did you ever fill out a Form I-9, verifying your eligibility for employment? Response: Yes, I did, at the agency where I was working.

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that you are inadmissible pursuant to INA 212(a)(2)(A) (i)(I) of the Act, because you have knowingly used a fake or altered permanent resident card for work in the United States in violation of 18 USC 1546.

In a previous testimony you admitted to using fraudulent counterfeit documentation to work in the United States. When being questioned regarding the use of fraudulent documentation during your interview on April 23, 2021, you claimed that you were not aware that the document you used when completing the Form I-9 and acquiring employment at the the Agency, Visiting Angels, in Fredericksburg and Quality Home Care in Woodbridge was fraudulent.

You submitted two fraudulent Permanent Resident Cards to the immigration officer at your June 1, 2018 interview. One of the fake card expired 8/27/2017 and the other one expired 8/25/2027, which indicates that you applied twice through your friend for fake immigration documents, not immigration. The employment card that you received from immigration as a result of your employment application filed on July 26, 2005, provided you with a valid employment card that had a validity of one year, which was from 7/25/2006 through 7/25/2006. Yet the card that you claimed in your April 23, 2021 interview was an employment card but had a validity of 10 years. Your testimony of not knowing that the card you used to acquire employment and that you signed and completed an I-9 indicates that you have provide false testimony. You have changed your sworn statement from whether you knew the card in your possession was fake and later giving testimony that you did not know the card that you used to acquire employment was fake. Changes in your testimony leaves USCIS to believe that your statement is not credible. It is inconvincible to see how you would think that the fake green card that was used to acquire employment which had a validity of 10 years would be considered an employment card.

Whoever knowingly uses, attempts to use, possesses, obtains, accepts, or receives any alien registration receipt card as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained shall be fined under 18 U.S. Code§1546.

An applicant for adjustment of status under INA 245(a) must establish that he or she is not subject to the INA 212(a)(2)(A)(i)(I) inadmissibility ground relating to a crime involving moral turpitude (CIMT). Therefore, you are inadmissible to the United States. A waiver is available for this inadmissibility ground. See INA 212(a)(2)(F) and 212(h).

You have not established that you are eligible for adjustment under section 245 of the Immigration and Naturalization Act (INA). Therefore, we must deny your Form I-485.

You may not appeal this decision. However, if you believe that the denial of your Form I-485 is in error, you may file a motion to reopen or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. The grounds for a Motion to Reopen and Motion to Reconsider are explained in Title

8 Code of Federal Regulations (8 CFR), section 103.5(a). You must file Form I-290B within 30 days of the date of this decision if the decision was served in person, or within 33 days if the decision was served by mailed. See Title 8 Code of Federal Regulations (8 CFR), sections 103.5(a) and 103.8(b). Note: You must follow the most current filing instructions for Form I-290B, which can be found at www.uscis.gov.

To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call the USCIS Contact Center toll free at 1-800-375-5283.

**NOTE on Employment Authorization Document:** Any employment authorization based upon this Form I-485 is automatically terminated if the expiration date on the employment authorization document has been reached. See Title 8 Code of Federal Regulations (8 CFR), section 274a.14(a)(1)(i). Since this Form I-485 is denied, the condition upon which your employment authorization was based no longer exists. Any unexpired employment authorization based upon this Form I-485 is revoked as of 18 days from the date of this notice, unless you submit, within 18 days, proof that your Form I-485 remains pending. See Title 8 Code of Federal Regulations (8 CFR), section 274a.14(b)(2). The decision by the district director shall be final and no appeal shall lie from the decision to revoke the authorization. Your employment authorization document should be returned to the local USCIS office.

**NOTE on Advance Parole Document:** Any advance parole document based upon this Form I-485 is automatically terminated if the expiration date of the time for which parole was authorized has been reached. See Title 8 Code of Federal Regulations (8 CFR), section 212.5(e)(1)(ii). Since this Form I-485 is denied, the purpose for which your advance parole document was issued has been accomplished. Any unexpired advance parole document issued to you based upon this Form I-485 is terminated as of the date of this notice. See Title 8 Code of Federal Regulations (8 CFR), section 212.5(e)(2)(i). Your advance parole document should be returned to the local USCIS office.

Sincerely,

Amris Heaton
Field Office Director