May 28, 2026

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2675 Prosperity Avenue
Fairfax, VA 20598-2400



**U.S. Citizenship
and Immigration
Services**

FLOR LIZBETH FLORES RAMIREZ
IMMIGRATION LAW PLUS
4010 UNIVERSITY DRIVE STE 103
FAIRFAX, VA 22030



IOE0933342987



RE: COMFORT AMO AGYAPONG
I-290B, Notice of Appeal or Motion

A096-512-489



## NOTICE OF DECISION

This notice concerns your Form I-290B, Notice of Appeal or Motion, filed with U.S. Citizenship and Immigration Services (USCIS) on August 8, 2025 as a motion to reopen and/or reconsider the decision on your Form I-485, Application to Register Permanent Residence or Adjust Status. We denied your Form I-485, receipt number MSC2090575591, on September 24, 2024.

Title 8 Code of Federal Regulations (8 CFR), section 103.5(a) states, in pertinent part:

(2) Requirements for motion to reopen. A motion to reopen must state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:

(i) The requested evidence was not material to the issue of eligibility;
(ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or
(iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address.

(3) ...A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

We cannot approve your motion. Please review this notice for details.

## Statement of Facts and Analysis

**Untimely Filed**

Your motion was filed 318 days after the denial decision. Therefore, we have determined that you did not submit the motion on time.

- **8 CFR 103.5(a)(1) states in pertinent part:**
  (i) Any motion to reopen a proceeding before the Service filed by an applicant or petitioner must be filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before this period expires may be excused in the discretion of the Service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner.

- **8 CFR 103.8 states in pertinent part:**
  (b) Effect of service by mail. Whenever a person has the right or is required to do some act within a prescribed period after the service of a notice upon him and the notice is served by mail, 3 days shall be added to the prescribed period. Service by mail is complete upon mailing.

You did not submit the motion within the required 33 days. Though you provided an envelope from USCIS that was sent to your attorney's address and postmarked on July 9, 2025, this is insufficient to demonstrate that you did not receive the decision in a timely manner. USCIS records show the decision was mailed to you and your attorney on September 19, 2025. USCIS provided a 3 day grace period under 8 CFR 103.8 because the decision was issued by mail, and the decision date on the decision is provided as September 24, 2024. The decision appears to have been delivered to both you and your attorney on account of the fact that they were not returned to USCIS by the United States Postal Service. Providing the envelope that the re-printed decision was delivered in does not demonstrate that the original notice was not delivered.

Any delay in submitting Form I-290B must be reasonable. In your case, it is reasonable to assume that an applicant should check their application's status prior to the passage of 318 days. Because you failed to notify USCIS of any potential non-delivery of the notice within a reasonable timeframe, USCIS finds that your 318 day delay in filing Form I-290B was not reasonable. Therefore, USCIS finds that you have not provided an excusable reason for the delay and you have not provided good cause for USCIS to accept your untimely Form I-290B filing. See 8 CFR 103.5(a)(1).



### Decision

Therefore, your Form I-290B is dismissed. The decision to deny your Form I-485, receipt number MSC2090575591, is affirmed.

This decision is without prejudice to future applications filed with the appropriate USCIS office.

---

### Need Help or Have Questions?

If you need assistance with your application or petition, or to access forms and filing instructions, visit www.uscis.gov. You can also use the following tools:

- **Virtual Assistant Emma:** Get help at www.uscis.gov/tools/uscis-tools-and-resources.

- **Case Status Online Tool:** Check your case status at https://egov.uscis.gov.
- **USCIS Contact Center:** Visit www.uscis.gov/contactcenter for additional support.

If you cannot find the information you need online, call the USCIS Contact Center:

- **General Assistance:** 1-800-375-5283
- **Military Cases:** USCIS Military Help Line at 1-877-247-4645
- **TTY for Hearing Impaired:** 1-800-767-1833

Sincerely,

Amris Heaton
Field Office Director

