**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*Office of the Director*
Camp Springs, MD 20588-0009



**U.S. Citizenship
and Immigration
Services**

June 9, 2021

PA-2021-11

# Policy Alert

SUBJECT:   Requests for Evidence and Notices of Intent to Deny

**Purpose**

U.S. Citizenship and Immigration Services (USCIS) is issuing policy guidance in the USCIS Policy Manual to address the circumstances in which officers should issue Requests for Evidence (RFEs) and Notices of Intent to Deny (NOIDs).

**Background**

In 2013, USCIS published guidance instructing officers to issue RFEs in cases involving insufficient evidence before denying such cases unless the officer determined that there was no possibility that the benefit requestor could overcome a finding of ineligibility by submitting additional evidence.[1] In 2018, USCIS rescinded this "no possibility" policy and issued guidance stating that officers may deny benefit requests for lack of initial evidence without first sending an RFE or NOID.[2]

The 2018 policy change resulted in USCIS denying certain benefit requestors an immigration benefit even though they would have demonstrated their eligibility if given a chance to provide additional evidence. These eligible benefit requestors had to have their cases reopened or file another benefit request to provide the additional evidence to establish their eligibility and ultimately obtain the immigration benefit. The denial of such cases, therefore, not only increased the burden on benefit requestors, but was also an inefficient use of USCIS resources. In such circumstances, the use of an RFE or NOID, rather than a denial, generally saves both benefit requestors and USCIS time and money.

In order to reduce barriers that may impede access to immigration benefits and ensure the agency is fairly and efficiently adjudicating immigration benefit requests, USCIS is returning to the principles of the 2013 policy by issuing RFEs and NOIDs when additional evidence could demonstrate eligibility for an immigration benefit. This policy will ensure that benefit requestors are given an opportunity to correct innocent mistakes and unintentional omissions and will help protect both benefit requestors and the agency from expending additional resources unnecessarily.

This guidance, contained in Volume 1 of the Policy Manual, replaces the guidance found in Chapters 10.3(f), 10.5, 10.11(b), and 11.5 of the Adjudicator's Field Manual and is effective

---

[1] See Requests for Evidence and Notices of Intent to Deny, PM-602-0085, issued June 3, 2013.
[2] See Issuance of Certain RFEs and NOIDs; Revisions to Adjudicator's Field Manual (AFM) Chapter 10.5(a), Chapter 10.5(b), PM-602-0163, issued July 13, 2018.

www.uscis.gov

PA-2021-11: Requests for Evidence and Notices of Intent to Deny
Page: 2

immediately. The guidance contained in the Policy Manual is controlling and supersedes any related prior guidance on the topic.[3]

**Policy Highlights**

- Explains that an officer should generally issue an RFE or NOID if the officer determines there is a possibility the benefit requestor can overcome a finding of ineligibility for the benefit sought by submitting additional evidence.

- Emphasizes that officers should not issue unnecessary RFEs and NOIDs, such as in cases where the officer determines the evidence already submitted establishes eligibility or ineligibility for the benefit sought.

- Provides guidance on when and how officers should issue RFEs and NOIDs and the limited circumstances in which officers may deny a case without first issuing an RFE or NOID.

- Explains timeframes and options for benefit requestors to respond to RFEs and NOIDs.

**Citation**

Volume 1: General Policies and Procedures, Part E, Adjudications, Chapter 6, Evidence [1 USCIS-PM E.6] and Chapter 9, Rendering a Decision [1 USCIS-PM E.9].

---

[3] This includes the July 13, 2018 policy memorandum. Refugee and asylum applications are governed by different regulations and procedures regarding RFEs, NOIDs, denials, and failures to appear; therefore, this guidance does not apply to these applications.